UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF TOM CARTER; LT. CHRIS HOGAN; SGT. RANDALL BUFFALO; CAPTAIN HUGHES; SGT. JUSTIN KIMBALL; DEPUTY BINGHAM; DEPUTY JESSICA GUEVARA; DEPUTY ADEIN MCCREERY; DEPUTY RON OWEN; IVY MEDICAL ADMINISTRATORS; and TWIN FALLS COUNTY ADMINISTRATORS,<br><br>Defendants. | Case No. 1:24-cv-00192-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Joshwa Aaron Wintrode's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1.    Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure

12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## 2. Factual Allegations

Plaintiff is a former inmate who, at the time he filed the Complaint, was confined in the Twin Falls County Jail. According to Plaintiff, Defendants "[r]epeatedly retaliated" against him "by improperly dismissing all of [Plaintiff's] grievances and appeals." *Compl.*, Dkt. 3, at 2.

Plaintiff's grievances complained of inadequate medical treatment, which is currently the subject of several other lawsuits filed by Plaintiff. In this suit, Plaintiff challenges the Defendants' failure to respond to (or improper denial of) his grievances about his medical treatment—he does not appear to challenge the medical treatment itself. *See id.* at 2–5.

## 3. Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A. Section 1983 Claims

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045, and a defendant whose only role in a constitutional violation involved the denial of an administrative grievance cannot be held liable under § 1983, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or

employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity such as Twin Falls County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or

custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Although Plaintiff cites on the Fifth, Eighth, and Fourteenth Amendments in support of his claims, *see Compl*. at 2, only the First Amendment appears to be implicated by the allegations in the Complaint.

The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: "(1) . . . that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct, . . . that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) [that] the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is

simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

The causal nexus requirement of a retaliation claim is a "but-for" causation test. If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim. *Hartman*, 547 U.S. at 260.

Finally, even if an inmate proves that his protected conduct was the but-for cause of an adverse action by a prison official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate penological interest. The state unquestionably has a legitimate interest in maintaining institutional order, safety, and security in its jails and prisons, *Rizzo*, 778 F.2d at 532, and the "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains," *Pratt*, 65 F.3d at 806.

Plaintiff's First Amendment claims are implausible for several reasons. First, the Complaint includes only a bare accusation that Defendants acted with a retaliatory motive. *See Rizzo*, 778 F.2d at 532 n.4. Second, the only role played by any identified Defendant is the failure to respond to, or the denial of, Plaintiff's grievances. This in insufficient to state a plausible § 1983 claim against Defendants. *See Taylor*, 880 F.2d at 1045; *Shehee*, 199 F.3d at 300. Third, simply failing to respond or denying an inmate's grievance would not "chill or silence a person of ordinary firmness" from filing future grievances. *See Mendocino Envt'l Ctr.*, 192 F.3d at 1300.

Fourth and finally, there is no constitutional right to a jail or prison grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Thus, there is no independent constitutional claim

challenging a prison or jail's failure to respond to—or improper denial of—an inmate's grievance.[1] To the extent the Complaint asserts such a claim, that claim is implausible.

### B.    *State Law Claims*

In addition to § 1983 claims, Plaintiff purports to assert state law claims, though Plaintiff does not specifically identify any such claims. *See Compl*. at 1. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c). If Plaintiff files an amended complaint, and if the amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

### 4.    Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of*

---

[1] A prison or jail's interference with an inmate's use of the grievance process can, however, serve as an excuse for an inmate's failure to exhaust administrative remedies. *See Albino v. Baca*, 747 F.3d 1162, 1172-73 (9th Cir. 2014) (en banc).

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a First Amendment retaliation claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.   The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2.  If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3.  Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: August 7, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).